# UNITED STATES

v.

**Private First Class James C. CARLTON, 520–54–5232, US Army, RPC–Ulm, Augsburg Composite Team, APO New York 09178.**

**SPCM 11274.**

U. S. Army Court of Military Review.

Sentence Adjudged 12 March 1975.

Decided 13 Feb. 1976.

Appearances: Appellate counsel for the Accused: CPT John M. Nolan, JAGC; CPT Michael R. Caryl, JAGC; LTC James Kucera, JAGC; COL Alton H. Harvey, JAGC. Appellate counsel for the United States: CPT Gary F. Thorne, JAGC; MAJ John T. Sherwood, Jr., JAGC; LTC Donald W. Hansen, JAGC.

## OPINION OF THE COURT

COOK, Judge:

The appellant was tried by a special court-martial consisting of only a trial judge. He was convicted, contrary to his plea, of possession of LSD and marijuana, offenses which violate Articles 92 and 134 (10 U.S.C. §§ 892 and 934), respectively. Appellant received an approved sentence as noted above.

The principal matters of concern at trial, and on appeal, center on the legality of the searches which exposed the contraband drugs.

The LSD tablets were discovered on the defendant's person during a search which was conducted in conformity with a legally issued search warrant. We are satisfied that the search was lawful and that the fruits thereof were properly admitted at trial.

The charge involving the unlawful possession of marijuana is, however, bottomed on a search that was conducted in the appellant's off-post apartment which was located in the town of Steppach, West Germany. This foray was undertaken by two agents of the CID without the participation of the German police.

It is the opinion of this Court that paragraph 2–1e of USAREUR Suppl. 1 to AR 190–22, 16 December 1971,[1] which was in effect on 31 December 1974, the date of the questioned search, mandates that the search of economy billets must be accomplished by, or at the very least in the presence of, the German police.

As this Court decided in *United States v. Steed*, 51 C.M.R. 549, 2 M.J. 442 (28 Nov. 1975), a search of off-post quarters located in West Germany, must be conducted in conformity with this provision or it is illegal and the evidence obtained therefrom is inadmissible.

Because that portion of the appellant's pretrial statement which refers to the items discovered during the illegal search is

1. "American military personnel have limited jurisdiction to search economy billets or quarters, whether privately rented by US Forces or leased by the US Forces from private owners. The search of billets or quarters used by US Forces personnel that are not documented for the exclusive use of the US Forces or that are otherwise located outside premises occupied by the US Forces as a result of an international agreement should be under the auspices of and in accordance with the laws of the country in which the property is located. If a search of such billets or quarters is necessary, the appropriate civilian police officials will be requested to make the search. The request will not be made unless probable cause exists as required by a above, basic regulation. Even if host country police are to make the search, authorization must be obtained from one of the officers listed in c above, this supplement, when the search has been instigated or will be participated in by US authorities. The cooperation of the civilian police officials may be anticipated in such cases because of the obligation of their country under paragraph 6(a), article VII, NATO SOFA, to assist in making investigations and 'in the collection and production of evidence, including the seizure and, in proper cases, the handing over of objects connected with an offense.' "

obviously "fruit of the poisoned tree,"[2] it too is inadmissible.[3] It would also be inadmissible because without the evidence found during the illegal search this confession would be, as to the marijuana offense, uncorroborated.[4]

The findings of guilty of Charge II and its specification are set aside and the charge is dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the above-indicated error and the entire record, the Court affirms only so much of the sentence as provides for a bad-conduct discharge (as suspended), confinement at hard labor for two months, forfeiture of $200.00 pay per month for two months, and reduction to the grade of Private E–1.

Senior Judge BAILEY and Judge DeFORD concur.

---

2. *Silverthorne v. United States*, 251 U.S. 385, 40 S.Ct. 182, 64 L.Ed. 319 (1920).

3. *United States v. Crow*, 19 U.S.C.M.A. 384, 41 C.M.R. 384 (1970).

4. *United States v. Penman*, 16 U.S.C.M.A. 67, 36 C.M.R. 223 (1966).