**UNITED STATES**

v.

**Private First Class Jeannie L. DILLARD, 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, U. S. Army, 18th Adjutant General Company (Administration), APO New York 09137.**

**SPCM 11708.**

U. S. Army Court of Military Review.

Sentence Adjudged 15 Oct. 1975.

Decided 30 July 1976.

---

**6.** The accused's detailed defense counsel signed the record attesting to its authenticity.

Appellate Counsel for the Accused: CPT Nicholas Retson, JAGC; CPT Sammy S. Knight, JAGC; MAJ Richard J. Goddard, JAGC; COL Alton H. Harvey, JAGC.

Appellate Counsel for the United States: CPT Russell S. Estey, JAGC; CPT William A. Poore, JAGC; MAJ John T. Sherwood, Jr., JAGC; LTC Donald W. Hansen, JAGC.

## OPINION OF THE COURT

JONES, Senior Judge:

Contrary to her pleas the appellant was convicted of two charges of possession of contraband substances in violation of Articles 92 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 934. The sentence she received, as modified, is reflected above. We are reviewing the case pursuant to Article 66, UCMJ.

The appellant's sole claim of error raises once again the difficult issue of the effect of non-compliance with the search and seizure regulations promulgated by the Commander-in-Chief, United States Army Europe. *See United States v. Carlton*, 2 M.J. 510 (A.C.M.R. 13 February 1976); *United States v. Steed*, 2 M.J. 442 (A.C.M.R. 28 November 1975). She contends that the military judge erroneously overruled her objection to the admission of the various prohibited articles found and seized by American and German investigators during a search of the apartment she was occupying in the German community of Salach.

Quite correctly, counsel for the appellant do not contest the authority of the official who authorized the instant search, Lieutenant Colonel Parker, or quarrel with the Government's assertion that his probable cause determination was sound. Indeed, any argument along these lines would fail. The parties stipulated at trial that Lieutenant Colonel Parker, who was the deputy community commander, had been properly delegated the power to authorize searches by the community commander pursuant to USAREUR Supplement 1 to Army Regulation 190–22, "Military Police, Search, Sei-

zure and Disposition of Property" (16 December 1971). It is also clear that the investigators seeking license to search the appellant's quarters relayed to Lieutenant Colonel Parker ample information concerning the basis of their confidential informant's knowledge and reliability to satisfy the two-pronged test announced in *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). We therefore conclude that a properly empowered "magistrate" authorized the instant search and that this official was in possession of the facts necessary to a finding of probable cause, warranting approval of the search of the apartment the appellant occupied. *See* paragraph 152, Manual for Courts-Martial, United States, 1969 (Revised edition).

■ However, our review of the legality of the search and the military judge's denial of appellant's objection to the evidence introduced against her cannot stop at this juncture. Both at trial and before this Court, counsel for the appellant have urged that the authorization to search was fatally defective in that it was not reduced to writing.

As the Government points out, in the military there is no general requirement of a written search warrant. Paragraph 152, *Manual, supra; United States v. Hartsook*, 15 U.S.C.M.A. 291, 35 C.M.R. 263 (1965). However, with respect to searches of American occupied premises conducted off-post overseas, such as the one under consideration here, we must also consider applicable international agreements or arrangements between the countries involved. *United States v. Mitchell*, 21 U.S.C.M.A. 340, 45 C.M.R. 114 (1972); paragraph 2–1a, Army Regulation 190–22, *supra*. The Status of Forces Agreement in effect in Germany at the time of this search provided for off-post searches only in generalized terms. More specific instructions are found in the USAREUR Supplement to the Army Regulation on searches and seizures.[1] As indicated above, that supplement provided that

---

1. AR 190–22, dated 12 June 1970.

authorization for the search had to be in writing.

It is upon the language of this provision that the appellant bases her argument that a written authorization was required. The Government does not contest either the applicability of the supplement or the appellant's interpretation of this provision. It merely argues that the requirement is procedural in nature and therefore since the probable cause determination was valid, this non-compliance, being merely technical, should not affect the legality of the instant search and seizure.

There is no dispute that the authorization for the search was not in writing. It is also unquestioned that the Government must abide by its own regulations, but in determining the effect of the Government's failure to comply, it is necessary to look at the purpose of the requirement. *United States v. Russo,* 23 U.S.C.M.A. 511, 50 C.M.R. 650, 1 M.J. 134 (1975); *United States v. Perl,* 2 M.J. 1269 (A.C.M.R. 27 February 1976). Here, in our opinion, the purpose the requirement was not to protect the personal liberties and interests of the accused. She had that protection from the requirement that the search be authorized by an appropriate commander based upon probable cause. The "in writing" requirement was for the Government's administrative convenience and for its use in dealing with the German authorities regarding off-post searches. Therefore, the appellant cannot complain of the deviation except upon a showing of substantial prejudice. *United States v. Perl, supra.* The appellant has made no showing of prejudice and our examination of the record of trial discloses none.

We do not believe that every violation of any provision of the USAREUR Supplement to AR 190–22 pertaining to searches invalidates an otherwise legal search and we decline to interpret *United States v. Steed, supra,* and *United States v. Carlton, supra,* that broadly. Further, we do not believe that *United States v. Mitchell, supra,* mandates a result contrary to our interpretation above.[2]

■ One further matter requires comment. The appellant was not furnished a copy of the record of trial as soon as it was authenticated as required by Article 54(c), UCMJ. This was error. *United States v. Cruz-Rijos,* 1 M.J. 429 (June 25, 1976). Appellant's defense counsel submitted a letter to the convening authority prior to the action but it is not clear whether defense counsel had a copy of the record at that time. Our review of the record, however, discloses no basis for prejudice to the appellant and neither trial nor appellate defense counsel has brought to our attention any prejudice resulting from the failure to furnish appellant or her counsel with a copy of the record of trial promptly.

The findings of guilty and the sentence are affirmed.

Judges O'DONNELL and FELDER concur.

---

2. Although *Mitchell* states that "the question of whether and under what conditions a military commander can lawfully authorize an off-post search of a private dwelling in a foreign country is dependent upon international agreement or arrangement between the involved countries . . . ." it did not state that every non-compliance with such an agreement or arrangement triggered the exclusionary rule. *Mitchell* only held that a commander has no authority pursuant to paragraph 152, Manual for Courts-Martial, United States, 1969 (Revised edition), to authorize an off-post search in a foreign country when an American court is available to issue a search warrant and the American commander in the country has promulgated an ordinance giving such court that authority.