**UNITED STATES, Appellee,**

v.

**Roy Edward DAIGLE, Specialist Five, U.S. Army, Appellant.**

**No. 29,340.**

U. S. Court of Military Appeals.

Aug. 22, 1975.

*Captain Edward E. Shumaker, III,* argued the cause for Appellant, Accused. With him on the brief were *Colonel Victor A. DeFiori, Major James Kucera, Captain Ward Mundy,* and *Captain Gordon R. Denison.*

*Captain Gary F. Thorne* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Ronald M. Holdaway* and *Lieutenant Colonel Donald W. Hansen.*

## OPINION OF THE COURT

COOK, Judge:

Dissatisfied with the "mediocre" quality of the officers called for court-martial service under a system operating through the office of the adjutant general, the commander at Fort Lewis, Washington, approved a different method of selection. At his trial by general court-martial sometime later, the accused challenged the new system as violative of Article 25(d)(2), Uniform Code of Military Justice, 10 U.S.C. § 825(d)(2). The military judge overruled the challenge. The correctness of that ruling is the subject of this appeal.

Article 25(d)(2) provides, in part, that the convening authority shall detail persons to courts-martial who, in his opinion, "are best qualified for the duty by reason of age, education, training, experience, length of service, and judicial temperament." Evidence adduced at a hearing on the accused's objection to the selection procedure indicates that no examination or inquiry was made to determine these qualities for each person selected for court-martial membership. No "special guidelines" for determination of these factors was used. Instead, the staff judge advocate asked senior commanders to nominate a specified number of officers in a particular grade that were desired for a particular court-martial. One commander might be asked to submit the name of a colonel or a lieutenant colonel; another might be asked for a captain or a major. In the memory of the witness who testified to the procedure, in the period from October 15, 1971, to July 6, 1973, the date of accused's motion, no first or second lieutenant and no warrant officer was ever requested, and no such officer ever served on a general court-martial or a special court-martial authorized to impose a punitive discharge.

Discrimination in the selection of court members on the basis of improper criteria threatens the integrity of the military justice system and violates the Uniform Code. Except for the statutory pref-

erence for exclusion of persons in a rank lower than the accused,[1] all ranks are eligible to serve on a court-martial. *United States v. Greene,* 20 U.S.C.M.A. 232, 43 C.M.R. 72 (1970); *United States v. Crawford,* 15 U.S.C.M.A. 31, 35 C.M.R. 3 (1964) (separate opinions by Chief Judge Quinn and Judge Ferguson). When rank is used as a device for deliberate and systematic exclusion of qualified persons, it becomes an irrelevant and impermissible basis for selection. As the Court said in *Greene:* "Not a single condition is inserted [in Article 25(d)(2)] with regard to . . . rank or position within the military community." *Id.* at 238, 43 C.M.R. at 78.

 The Government contends the selection process used here was sanctioned in *United States v. Jacobson,* 39 C.M.R. 516 (A.B.R.1968), and *United States v. Brandy,* 40 C.M.R. 674 (A.C.M.R.1969), *petition denied,* 18 U.S.C.M.A. 640, 40 C.M.R. 327 (1969). In *Jacobson,* the accused entered a plea of guilty; the court held on review of his conviction that his challenge to the selection process did not raise a jurisdictional issue. In *Brandy,* the accused challenged the selection system by way of a motion for a mistrial; the Court of Military Review determined the motion was properly denied. We need not consider whether the grounds stated in the cited cases support the Government's broader contention. The Government does not dispute that the evidence establishes the convening authority had a fixed policy to exclude all lieutenants and warrant officers from selection for membership on a general court-martial. The evidence further establishes that members were selected not because they actually possessed the qualities enumerated in Article 25(d)(2) but solely because they had the senior rank deemed desirable for a particular court-martial. As the evidence shows, requests for members were made "in terms of numbers and grade." When a subordinate commander was asked to submit a nominee, he was not advised to screen the nominee for the statutory qualifications; nor did the staff judge advocate advise the convening authority of those qualifications when the nominee's name was submitted to him for appointment to a court-martial. In these particulars, the selection process is opposite to the system approved in *United States v. Crawford, supra,* and identical to that condemned in *Greene.*

Improper selection of the court members does not necessarily require that we invalidate all the proceedings in the trial forum. At the hearing before the trial judge, the accused's motion for "a new selection of members" did not in any way challenge the competence or authority of the trial judge to act on the matters he had presented to him for decision. As we read the record, it convincingly indicates that defense counsel perceived the trial judge as separate from the court members, with the latter essentially functioning as a jury. His objection to the members thus emerges as only the means of preventing them from imposing sentence.

 Three days before the hearing at which the ruling under review was made, the accused entered into an agreement with the convening authority which provided that he would plead guilty to seven of the eight specifications of Charge I, and the convening authority would dismiss specification 8 of that charge and all the remaining charges. At the hearing, defense counsel presented a number of motions, including one for a new Article 32 investigation. Later, when his motion for a new panel of court members was denied, the accused presented a request for trial by military judge alone. On its acceptance, the accused pleaded guilty, as provided in the pretrial agreement, and trial counsel obtained dismissal of the remaining charges, also as provided in the agreement. These actions demonstrate the accused's willingness to proceed before the court-martial to which the charges were referred to trial to the point of sentence; but for the sentence, he

---

1. Article 25(d)(1), 10 U.S.C. § 825(d)(1); *United States v. Pearson,* 15 U.S.C.M.A. 63, 35 C.M.R. 35 (1964).

142

wanted court members differently selected from those detailed to the court. While the accused maintained, as did the accused in *Greene,* that his request for trial by military judge alone was made "only because" his motion for new court members was denied, his situation is different from the accused in *Greene.* There, the accused entered a plea of not guilty; thus, his objection to the court members included not just a desire to avoid adjudgment of his sentence by them but a determination to prevent them from deciding his guilt. We conclude, therefore, that the proceedings before the trial judge antecedent to sentence were unaffected by the accused's challenge to the selection process. *United States v. Johnson,* 14 U.S.C.M.A. 548, 34 C.M.R. 328 (1964).

The decision of the Court of Military Review as to the sentence is reversed. The record of trial is returned to the Judge Advocate General for reference to the convening authority for further proceedings. A rehearing on the sentence may be ordered.

Chief Judge FLETCHER and Senior Judge FERGUSON concur.