## UNITED STATES

v.

**Private (E-1) Michael E. YAGER, 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, U. S. Army, Troop A, 1st Squadron, 4th Cavalry, Fort Riley, Kansas 66442.**

### SPCM 10629.

U. S. Army Court of Military Review.

Sentence Adjudged 10 July 1974.

Decided 30 Dec. 1975.

---

Appearances: Appellate counsel for the Accused: CPT Preston Wilson, JAGC; CPT Albert T. Berry, JAGC; LTC James Kucera, JAGC; COL Alton H. Harvey, JAGC. Appellate counsel for the United States: CPT Dale L. Anderson, JAGC; Maj Steven M. Werner, JAGC; LTC Donald W. Hansen, JAGC.

## OPINION OF THE COURT

JONES, Senior Judge:

The appellant was convicted of disrespect to his superior commissioned officer, disrespect to his superior noncommissioned officer who was then in the execution of his office, extortion, and aggravated assault in violation of Articles 89, 91, 127 and 128; Uniform Code of Military Justice, 10 U.S.C. §§ 889, 891, 927 and 928. We are reviewing the case under the provisions of Article 66, UCMJ.

The single question presented for discussion is whether the randomly selected court from which enlisted men in the grade of Private (E–1 and E–2) were excluded was properly constituted.

In October 1973 the convening authority at Fort Riley, Kansas, after a considerable period of study, established a pilot program for the random selection of court-martial members.[1] The program generally provided for a pool of potential members to be randomly selected from among all personnel stationed at Fort Riley. Those selected were required to complete a questionnaire which was designed to identify persons who were exempted from service (e. g., doctors, lawyers, chaplains) or disqualified from service (e. g., age, time in service, disciplinary actions). After those exempted or disqualified were screened out, the remainder formed the pool from which court members were selected, again at random. The panels so chosen were then submitted to the convening authority for final approval and detail as court members. When enlisted members were not requested by an accused, the case would be referred to a court composed entirely of officers. When, as here, enlisted members were requested by an accused, the case would be referred to a court comprised of personnel at least one-third of whom were enlisted persons.

After an initial period of operation certain administrative difficulties and inefficiencies were noted. Also, certain changes in policy were felt desirable. For these reasons the convening authority made changes in the selection procedures and in the qualification criteria. One of the changes was a requirement that enlisted members must be in the grade of private first class or higher to be qualified for jury service. It is this change, an exclusion based upon rank, that appellant attacks in this case as being an impermissible basis for selection.[2] The Government counters that this criterion was but a manifestation of the convening authority's desire to select those members most likely to exhibit the maturity and temperament necessary for

---

1. Fort Riley Circular 27–10–1, dated 1 October 1973 and amended 25 October 1973, 18 January 1974 and 7 March 1974.

2. None of the other bases for exclusion of persons as jurors have been attacked here even though those categories (e. g., doctors, chaplains, aliens) are not specifically listed and do not fall within the selection criteria contained in Article 25, UCMJ. The other bases for exclusion are reasonable, consistent with the statutory requirements and the discretion granted a convening authority in these matters, and not violative of any due process or equal protection standards.

the resolution of complex questions of guilt or innocence.

The eligibility of persons to serve and the standards for the selection of court-martial members are set forth in Article 25, UCMJ. With exceptions not material here,[3] that Article provides generally that any officer, any warrant officer, and any enlisted man, when requested by the accused is eligible to serve on general and special courts-martial. The Article further provides that the convening authority shall select as members those persons who are "best qualified for the duty by reason of age, education, training, experience, length of service, and judicial temperament."

The United States Court of Military Appeals has long held that the deliberate, systematic exclusion of qualified persons on the basis of rank alone is contrary to the Code. *United States v. Daigle*, 23 U.S.C. M.A. 516, 50 C.M.R. 655, 1 M.J. 139 (1975); *United States v. Greene*, 20 U.S.C.M.A. 232, 43 C.M.R. 72 (1970); *United States v. Crawford*, 15 U.S.C.M.A. 31, 35 C.M.R. 3 (1964). On its face, therefore, the exclusion of privates E–1 and E–2 as practiced in the instant case was improper unless such exclusion in some manner was in accord with the statute. We will examine this exclusionary basis by first looking at the prior rank-based exclusions that have been held impermissible.

In *Crawford*, the first case to treat this question at length in the military system, the selected enlisted jurors were in the grades E–7 and E–9. The Court of Military Appeals found no systematic exclusion of lower ranking enlisted personnel in that case but said that such exclusion, if it had existed, would have been contrary to the Code.

In *Greene*, the conviction was set aside because the court was composed entirely of lieutenant colonels and colonels. A previously selected panel of officers in the grades of lieutenant through colonel had been rejected and a panel composed only of the two higher grades had been directed. The Court doubted that a proper standard for selection had been used.

In *Daigle*, the Court found objectionable a court-martial from which lieutenants and warrant officers had been intentionally excluded.

Recognizing that the important question is the relationship between the standards used for selection of the court members and the statutory bases for eligibility, the Court of Military Appeals has given the following guidance:

"A method of selection which uses criteria reasonably and rationally calculated to obtain jurors meeting the statutory requirements for service is proper." *United States v. Crawford, supra*, 35 C.M.R. at 11.

The Court applied that guidance in *Crawford*, *Greene* and *Daigle*. In each of those cases the rank exclusion had no reasonable relation to the selection criteria. The grades excluded from court membership (major, captain, lieutenant, warrant officer, sergeant, corporal and specialist) would all yield a substantial number of potential jurors meeting the statutory criteria. None of those ranks could have been excluded for lack of qualified persons.

Turning to the instant case, the disqualification of privates is an embodiment of the application of the statutory criteria—age, education, training, experience, length of service, and judicial temperament. Persons in the grade of private are normally in one of the following categories: they have only a few months service; or although having sufficient service they have failed promotion because they have shown no ability, aptitude, or intelligence; or they have been reduced in grade for misconduct of inefficiency.[4] Privates are in the initial training

---

3. A warrant officer is not eligible to serve on a court-martial trying a commissioned officer and an enlisted man may serve only on courts-martial trying other enlisted men. Neither may serve as a summary court-martial.

4. Chapter 7, Army Regulation 635–200, governs promotion and reduction of enlisted personnel. Advancement to private E–2 is automatic upon completion of 4 months service unless the commander concerned prevents such administrative advancement. Paragraph

cycle of their military service, preparing themselves to become useful, productive soldiers. They are in a strange environment, many away from home for the first time, and subject to the pressures inherent in a stressful, strict disciplinary situation. This makes them less likely to be independent in a group of older officers and enlisted men, e. g. court members.

Although some privates will be qualified on one or two of the statutory standards, they will invariably be disqualified on a majority of the criteria. Further, as privates are at the very bottom of the promotion ladder, they are also likely to be excluded by the provisions of Article 25*d*(1), UCMJ, which states:

> "When it can be avoided, no member of an armed force may be tried by a court-martial any member of which is junior to him in rank or grade."

The use of rank in this situation as an exclusionary device is, therefore, nothing more than recognition that privates do not meet the statutory qualifications and are not senior to any other soldiers. Perhaps, because of the broad language in *Crawford, Greene,* and *Daigle,* it is unfortunate that rank was named as the disqualifier, but where as here the use of rank is nothing more than a shorthand way of stating that those persons do not meet the statutory qualifications, such use is not improper.

Furthermore, we cannot examine the exclusion involved here in a vacuum. Of special importance is the underlying fact that the Circular embodied a sincere effort to make the jury empanelling process at Fort Riley fairer by instituting an experimental modified random selection procedure not required by the Code. *See* Juror Selection under the Uniform Code of Military Justice: Fact and Fiction, 58 Mil.L.Rev. 71. Balancing the administrative burden of searching for qualified privates against the efficacy of the shorthand method employed, we are convinced that the benefits clearly outweigh any potential for harm.

We find that the disqualification of persons in the grade of private was reasonably and rationally calculated to obtain jurors meeting the statutory requirements of Article 25, UCMJ.[5]

The findings of guilty and the sentence are affirmed.

Judge O'DONNELL, concurs.

Judge FELDER, dissenting:

The findings of guilty, to the charges which the appellant pleaded not guilty, should be invalidated because aliens were systematically excluded from serving as court members. Paragraph 5a(4), Fort Riley Circular 27–10–1, dated 7 March 1974, provided that an individual must be a citizen of the United States to qualify as a court member. This citizenship requirement is an unlawful departure from the statutory scheme designed by Congress in Article 25, Uniform Code of Military Justice, 10 U.S.C. § 825. The eligibility and disqualification of court members are clearly set forth in that Article and citizenship is neither a condition for eligibility nor a disqualifying factor.

Discrimination against aliens in this regard violated the appellant's right to court members selected from a fair cross section of the military community. Therefore, he has standing to object to the exclusion of aliens from consideration as court members even though he was not a member of the excluded class. *Taylor v. Louisiana,* 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975).

Although the statutory exclusion of aliens from service of grand and petit jury

---

7–19. Advancement prior to completion of 4 months service is also permitted. Promotion to private first class may be made upon completion of 4 months time-in-grade as a private E–2. Paragraph 7–20. Again, provision is made for accelerated promotions. Disciplinary matters and inefficiency are bases for non-promotion. Paragraph 7–6.

5. It is important to point out that we do not find that persons in the grade of private may never be qualified for court membership. The Army could conceivably return to a situation similar to that existing prior to World War II where many able, mature and experienced privates remained in that grade for several years.

panels in state and federal courts has been upheld for compelling reasons (*Perkins v. Smith*, 370 F.Supp. 134 (D.Md.1974)), Congress did not restrict the membership of courts-martial to United States citizens; a fact which is a tribute to the military judicial system. I conclude that military personnel otherwise qualified for service as court members cannot be deliberately excluded because of alienage.