UNITED STATES

v.

Private E-2 Randall H. PERL, 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, U. S. Army, Company B, 2d Battalion, 63d Armor, Fort Riley, Kansas.

SPCM 10425.

U. S. Army Court of Military Review.

Sentence Adjudged 15 March 1974.

Decided 27 Feb. 1976.

Appearances: Appellate counsel for the Accused: Richard P. Fox, Esquire; CPT Albert T. Berry, JAGC; MAJ Richard J. Goddard, JAGC; COL Alton H. Harvey, JAGC. Appellate counsel for the United States: CPT Gary F. Thorne, JAGC; MAJ John T. Sherwood, Jr., JAGC; LTC Donald W. Hansen, JAGC.

## OPINION OF THE COURT

O'DONNELL, Judge:

The appellant was convicted of a six-day unauthorized absence (Charge I), disrespect to a superior noncommissioned officer (Charge II), communicating a threat (Charge III), and disrespect to a superior commissioned officer (Charge IV). The

court sentenced him to be discharged from the service with a bad-conduct discharge, to forfeit two-thirds pay per month for three months, and to be confined at hard labor for three months. The convening authority disapproved the unauthorized absence charge. He approved the remaining charges and specifications and modified the sentence as set forth above.

The appellant has raised several deficiencies in the trial, three of which merit discussion.

## I—COMPOSITION OF COURT–MARTIAL

█ The appellant was tried at a time when the convening authority was implementing an experimental program for the selection of court members on a random basis. The appellant contends that certain defects in this selection process resulted in an improperly constituted court. Our recent decision in *United States v. Yager*, 2 M.J. 484 (A.C.M.R.1975), disposes of the appellant's contention that enlisted members of the two lowest grades were improperly excluded from membership on the court.

The appellant's alternative attack on the composition of the court deals not with the validity of the program itself but with the application of certain provisions of the implementing circular. Pertinently, the circular provides that eight-member panels will be selected for trials by special court-martial and that if the accused requests enlisted persons, at least four of the members will be enlisted. The relevant provisions of the circular are set forth in the margin.[1]

Before trial, the appellant asserted his right to be tried by a court with members and specified further that "at least one third . . . of the members seated be enlisted personnel. . . ." The convening authority thereafter convened a court-martial consisting of six members, three of whom were enlisted men. At trial, the appellant, through his defense counsel, indicated to the military judge that he was satisfied that the court as constituted complied with Article 25 of the Code, 10 U.S.C. § 825. The appellant expressed no other objection to the composition of the jury and exercised no challenges.[2]

The appellant now contends that the court-martial panel in his case was deficient in two regards—it lacked the requisite total of eight members and failed to include four enlisted persons. Thus, according to the appellant, even though the selection of the court members complied with the Uniform Code of Military Justice, it failed to comport with the more stringent local regulation and therefore resulted in an improperly constituted court.

█ The oft-cited principle that the Government must adhere to its own regulations has application to the military. It has been successfully invoked by the accused in the area of enlistment regulations,[3] as to procedural requirements for activation of reservists,[4] and most recently concerning pretrial delay.[5] In measuring the effect of the Government's failure to follow its own regulations, it is necessary to determine the purpose of the regulation. The Court of Military Appeals in *United States v. Russo*, 23 U.S.C.M.A. 511, 512, 50 C.M.R. 650, 651, 1 M.J. 134, 135 (1975), stated that it is "well-

---

1. "*Procedure*: Once the selection questionnaires have been screened and disqualified or ineligible members eliminated from the jury pool, 8-member and 12-member panels will be selected at random for prospective employment in the trial of special and general courts-martial. . . . Where enlisted members are requested, the panel of jurors will be comprised of randomly selected personnel at least one-third of whom are enlisted; i. e., special court-martial will have at least four enlisted personnel and general court-martial will have at least five. . . ." Paragraph 4e(2), Fort Riley Circular No. 27–10–1, 7 March 1974.

2. The Government successfully challenged one of the enlisted members for cause.

3. *United States v. Russo*, 23 U.S.C.M.A. 511, 50 C.M.R. 650, 1 M.J. 134 (1975).

4. *United States v. Kilbreth*, 22 U.S.C.M.A. 390, 47 C.M.R. 327 (1973).

5. *United States v. Dunks*, 1 M.J. 254 (1976). *See United States v. Walker*, 47 C.M.R. 288 (A.C.M.R.1973).

settled that a government agency must abide by its own rules and regulations where the underlying purpose of such regulations is the protection of personal liberties or interests." However, if the regulation is adopted for the benefit of the particular government agency in transacting its business and is not designed to confer important rights upon individuals, a person cannot complain of deviations from the regulation except upon a showing of substantial prejudice. *American Farm Lines v. Black Ball Freight Service,* 397 U.S. 532, 90 S.Ct. 1288, 25 L.Ed.2d 547 (1970); *National Labor Relations Board v. Monsanto Chemical Company,* 205 F.2d 763 (8th Cir. 1953).

 We are convinced that the regulation under attack was promulgated for the benefit of the Government and was not intended to confer any basic rights on accused persons. The provision for an eight-man panel with four enlisted persons was unquestionably designed to avoid the administrative problems that would arise if, by reason of absences or challenges, the court were to be reduced below the statutory requirement of three members and one-third enlisted personnel. *See* Articles 16 and 25(c)(1), *Code, supra.* The appellant has presented nothing to indicate how he was harmed by the failure to comply with the regulation in this case. Our examination of the record of trial produces a similar result.[6] In the absence of prejudice, no remedial action is required. Article 59(a), *Code, supra.* Moreover, the appellant effectively waived any defect in the selection of the court not only by failing to object but by affirmatively stating that he was satisfied that the court had been appointed in compliance with Article 25 of the Code. *See United States v. Crawford,* 15 U.S.C. M.A. 31, 35 C.M.R. 3 (1964).

## II–PROVIDENCY OF PLEA

 The appellant attempted to enter pleas of guilty to three of the four charges of which he was ultimately convicted. The military judge, however, accepted his plea only to that charge alleging disrespect to a noncommissioned officer (Charge II). The appellant now contends that this plea was improvident. The military judge failed to comply precisely with the mandate of *United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969), in that he neglected to inform the appellant of the maximum sentence which could be adjudged for the offense to which he desired to plead guilty (confinement at hard labor for three months and forfeiture of two-thirds pay per month for three months). *See* paragraph 70*b,* Manual for Courts-Martial, United States, 1969 (Revised edition). Under the facts of this case, to include the number of charges to which the appellant pleaded not guilty, the relatively light maximum sentence for the offense to which he pleaded guilty, and the jurisdictional limit on sentence inherent in a special court-martial, we find that the failure to comply with *Care* did not affect the providency of the appellant's plea. *Cf. United States v. DePuis,* 48 C.M.R. 49 (A.C.M.R.1973); *United States v. Smith,* 1 M.J. 260 (1976). To the extent that *United States v. Colby,* 44 C.M.R. 477 (A.C.M.R.1971), and *United States v. Alward,* 41 C.M.R. 611 (A.C.M.R.1969), stand for a *per se* rule, we decline to follow those decisions.

## III—OTHER ACTS OF MISCONDUCT

Before findings, the trial counsel moved the admission of a letter which the appellant had sent to his battalion commander while he was in pretrial confinement in the post stockade. This document, in the appellant's handwriting, catalogues numerous instances of misconduct on his part which had occurred before and after his induction into the Army. *Inter alia,* he related past instances of disrespect to and disobedience of military superiors, admitted a prior apprehension for possession of hashish, and boasted about his past and present abilities as a shoplifter.

---

6. As the court at all times possessed the required minimum number of members as well as the required percentage of enlisted persons, the failure to follow the regulation did not amount to jurisdictional error. *See United States v. Cross,* 50 C.M.R. 503 (A.C.M.R.1975).

The trial defense counsel objected to the admission of those portions of the letter relating to prior misconduct. The military judge struck references to two offenses he deemed to be too remote in time, but the remainder of the letter, which included the previous misconduct mentioned above, was read to the members of the court by the trial counsel.

The military judge then instructed the court that the prior acts of misconduct were,

"admissible only for the very limited purpose of their tendency, if any, to show his attitude towards superior officers, superior noncommissioned officers, and therefore his tendency, if any to show that he was in fact disrespectful on the occasions in question."

Although the trial judge instructed further that no conclusion should be drawn that the appellant was a "bad man" who possessed a proclivity to commit offenses in general, the major thrust of this first instruction as well as a second one given immediately preceding the deliberations on findings was that these prior acts could be considered as tending to prove that the appellant committed the present offenses.

It has long been a principle of military law that evidence of prior acts of misconduct are inadmissible to establish that the accused has a disposition to commit crime in general or to commit the specific type of offense involved in a given case. However, if the evidence of an accused's prior misconduct tends to establish a relevant fact other than a criminal disposition on his part, the evidence is admissible. *See United States v. Haimson*, 5 U.S.C.M.A. 208, 226, 17 C.M.R. 208, 226 (1954). The Manual for Courts-Martial at paragraph 138*g* provides several examples of situations where the evidence of prior misconduct has logical relevance other than to demonstrate the bad disposition of the accused, such as to show motive, similar *modus operandi*, or intent. In the instant case, however, the only purpose for which the acts were offered was to establish that the appellant had a disposition to commit offenses similar to the ones with which he was charged. Such evidence is clearly inadmissible.

The military judge compounded the error by instructing the court in effect that the evidence could be considered only to show the appellant's disposition to be disrespectful. This is precisely the reason it is inadmissible. Prejudice is apparent. Because of the extended period of time that has elapsed since the trial of this case, we choose to dismiss the affected charges rather than authorizing a rehearing.

The findings of guilty of Charge II and its specification (to which the appellant's plea has been determined to be provident) are affirmed. The findings of guilty of Charges III and IV and their specifications are set aside and those charges are dismissed. Reassessing the sentence on the basis of the above-indicated error, the action of the Court herein and the entire record, the Court affirms only so much of the sentence as provides for confinement at hard labor for three months and forfeiture of $105.00 pay per month for three months.

Senior Judge JONES concurs.

Judge FELDER concurs in part and dissents in part:

I concur with that portion of the opinion which decides that the appellant's plea of guilty to the charge alleging disrespect to a noncommissioned officer is provident. However, I would invalidate the sentence for the reasons set forth in my dissenting opinion in *United States v. Yager*, 2 M.J. 484 (A.C.M.R.1975). *See United States v. Daigle*, 23 U.S.C.M.A. 516, 50 C.M.R. 655, 1 M.J. 139 (1975).