**UNITED STATES, Appellee,**

v.

**Private First Class Leland F. CORDOVA, SSN 542–68–1868, United States Army, Appellant.**

**CM 435296.**

U. S. Army Court of Military Review.

27 Oct. 1977.

Lieutenant Colonel John R. Thornock, JAGC, Captain Buren R. Shie'ds, III, JAGC, Captain Larry C. Schafer, JAGC, and Captain James Recasner, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, Captain

* *Forrest v. United States*, 3 M.J. 173 (C.M.A. 1977).

Richard A. Kirby, JAGC, and Captain Richard A. Cefola, JAGC, were on the pleadings for appellee.

Before COOK, Senior Judge, and DRIBBEN and DeFORD, JJ.

### OPINION OF THE COURT ON FURTHER REVIEW

DeFORD, Judge:

The appellant was convicted, pursuant to his pleas, of disrespect to an officer, disrespect to noncommissioned officers and robbery in violation of Articles 89, 91 and 122, Uniform Code of Military Justice (UCMJ) (10 U.S.C. §§ 889, 891 and 922). He was sentenced to dishonorable discharge, confinement at hard labor for three years, forfeiture of all pay and allowances, and reduction to the grade of Private E–1. Upon initial review, the convening authority pursuant to a pretrial agreement, reduced the confinement portion of the sentence to two years but otherwise approved the sentence.

On appeal, the appellant through counsel has assigned what is essentially a single assignment of error:

THE APPELLANT WAS IMPROPERLY DENIED HIS RIGHT TO BE TRIED BEFORE A COURT–MARTIAL CONSISTING OF MEMBERS WHICH RESULTED IN HIS PLEA OF GUILTY BEING IMPROVIDENT.

Under the unusual facts set forth in this case, we believe the appellant's assignment of error has merit. Accordingly, we shall reverse his conviction for the reasons hereafter set forth.

During the initial pleading stage of the appellate proceedings, counsel filed affidavits which indicated that trial defense counsel perceived that the staff judge advocate had a policy by which he would not recommend approval of a pretrial agreement if the appellant indicated that he desired court members during the sentencing portion of the trial. This Court, during the pendency of this case, decided *United States v. Boyd*, 54 C.M.R. 312, 2 M.J. 1014

(A.C.M.R.1976), in which an identical issue was raised. The similarity of the evidence in both cases caused us to require a *DuBay*-type hearing in this case and three other pending cases with similar factual background. The *DuBay* hearing was required to answer two specific questions: (1) did the appellants and/or their counsel negotiate pretrial agreements with the understanding that in order to gain acceptance of such agreements, they must request trial by military judge alone; and (2) if the answer to the foregoing question is in the affirmative, what factual background supports such a conclusion.

The 20 special findings of the military judge at that hearing are, we believe, amply supported by the record, and provide the factual background which is dispositive of the merits of this case. We will discuss only those facts and findings which are essential to an understanding of the factual background of the case.

The processing command possessed a heavy case load which mandated efficient pretrial processing of cases. The staff judge advocate required his trial counsel to be aggressive in their negotiations with defense counsel. Trial time became, in effect, a commodity of exchange in the negotiation of pretrial agreements.

The convening authority selected court members from a mix of staff officers and commanders. These court members were drawn from a wide geographical basis within the divisional area of responsibilities resulting in a delay in processing time when court members were requested or required.

The staff judge advocate did not have a policy which prohibited counsel from negotiating a pretrial agreement and receiving a trial by court members on sentencing. The staff judge advocate and his staff did, however, discourage the use of court members on guilty pleas which were negotiated. The staff judge advocate considered the savings of time by the Government as one of the principal factors in determining whether to recommend approval of a pretrial agreement to the convening authority.

As a consequence of the foregoing actions, some personnel in the office of the staff judge advocate perceived that the staff judge advocate had a policy in which a guilty plea could not successfully be negotiated without waiving trial by court members at sentencing. The appellant's trial defense counsel was one of the foregoing persons and advised the appellant that a pretrial agreement was not possible without waiving trial by court members for sentencing. The appellant negotiated a pretrial agreement and entered pleas of guilty at trial based upon the foregoing advice notwithstanding his desire for court members at the sentencing portion of the trial.

■ It has been held that a defendant who enters a plea of guilty simultaneously waives several constitutional rights, including his privilege against self-incrimination, his right to trial by jury, and his right to confront his accusers. For this waiver to be valid under the due process clause, it must be an intentional relinquishment or abandonment of a known right or privilege.[1] Consequently, if a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void. Although a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be said to be voluntary unless the defendant possesses an understanding of the law in relation to facts.[2]

■ Also, an inquiry into the terms and conditions of any existing pretrial agreement as part of the inquiry into the provi-

dence of a guilty plea is essential to satisfy the mandate that a guilty plea not be accepted unless the trial judge first determines that it has been voluntarily and providently made.[3]

Pretrial agreements have been a fertile source of litigation in the past.[4]

In *Schmeltz, supra*, the accused included a provision in a pretrial agreement which provided that the accused would request trial by judge alone if the convening authority accepted certain limitations on sentence. The questioned provision originated solely with the accused and was offered as an inducement to encourage the convening authority to accept the agreement. The United States Court of Military Appeals in affirming the use of the questioned provision as an incentive to negotiate the pretrial agreement did not decide the issue on a basis of public policy. They stated that plea bargaining agreements should concern themselves only with bargaining on the charges and sentence.[5] The questioned provision did not deal with a constitutional issue or fundamental principle that could affect the accused's guilt or the legality of his sentence. However, the provision did, at the accused's request, force an election of one of two sentencing agencies open to him under the applicable statute.

■ Here the appellant was advised by his counsel that he could not negotiate a pretrial agreement without waiving court members at the sentence portion of the trial. This misadvice was the direct and proximate result of a perception which the

1. *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969), citing *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).

2. *United States v. Care, supra* at 542, 40 C.M.R. at 254.

3. *United States v. Green*, 24 U.S.C.M.A. 299, 302, 52 C.M.R. 10, 13, 1 M.J. 453, 456 (1976).

4. *See United States v. Schmeltz*, 23 U.S.C.M.A. 377, 50 C.M.R. 83, 1 M.J. 8 (1975), affirmed in part and reversed in part, 24 U.S.C.M.A. 93, 51 C.M.R. 266, 1 M.J. 273 (1976); *United States v. Elmore*, 24 U.S.C.M.A. 81, 51 C.M.R. 254, 1 M.J. 262 (1976); *United States v. Brundidge*, 23 U.S.C.M.A. 531, 50 C.M.R. 670, 1 M.J. 152

(1975); *United States v. Daigle*, 23 U.S.C.M.A. 516, 50 C.M.R. 655, 1 M.J. 139 (1975); *United States v. Holland*, 23 U.S.C.M.A. 442, 50 C.M.R. 461, 1 M.J. 58 (1975); *United States v. Troglin*, 21 U.S.C.M.A. 183, 44 C.M.R. 237 (1972); *United States v. Cummings*, 17 U.S.C.M.A. 376, 38 C.M.R. 174 (1968); *United States v. Welker*, 8 U.S.C.M.A. 647, 25 C.M.R. 151 (1958); *United States v. Allen*, 8 U.S.C.M.A. 504, 25 C.M.R. 8 (1957); *United States v. Banner*, 22 C.M.R. 510 (A.B.R.1956); *United States v. Callahan*, 22 C.M.R. 443 (A.B.R.1956) among others.

5. *United States v. Schmeltz, supra*, 23 U.S.C.M.A. at 379, 50 C.M.R. at 85, 1 M.J. at 11.

trial defense counsel believed to be true, but which in effect was not true. It is apparent that the trial defense counsel misadvised the appellant regarding the controlling law applicable in this case. The appellant was entitled to a court with members on sentencing which he desired.

Accordingly, we hold the appellant's plea of guilty was improvident as he did not possess a correct understanding of the law in relation to the facts of his case.[6]

The approved findings of guilty and the sentence are set aside. A rehearing may be ordered by the same or a different convening authority.

Senior Judge COOK and Judge DRIBBEN concur.

**UNITED STATES, Appellee,**

v.

**Private First Class Gerald K. RIGGS, SSN 243–88–0306, United States Army, Appellant.**

**CM 434219.**

U. S. Army Court of Military Review.

31 Oct. 1977.

Colonel Alton H. Harvey, JAGC, Lieutenant Colonel James Kucera, JAGC, Captain Sammy S. Knight, JAGC, and Captain Ronald Riggs, JAGC, were on the pleadings for appellant.

Lieutenant Colonel Donald W. Hansen, JAGC, Lieutenant Colonel John T. Sherwood, Jr, JAGC, Major Steven M. Werner, JAGC, and Captain Conrad J. Rybicki, JAGC, were on the pleadings for appellee.

Before COOK, Senior Judge, and DRIBBEN and DeFORD, JJ.

---

6. Appellate government counsel concede that the appellant's plea was improvident under the facts of this case.