UNITED STATES, Appellee,

v.

Specialist Four Charles R. SANDERS, SSN 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, United States Army, Appellant.

CM 437642.

U. S. Army Court of Military Review.

29 June 1979.

Captain Courtney B. Wheeler, JAGC, argued the cause for the appellant. With him on the brief were Colonel Edward S. Adamkewicz, Jr., JAGC, Major Benjamin A. Sims, JAGC, and Captain Maurice D. Healy, JAGC.

Captain Paul K. Cascio, JAGC, argued the cause for the appellee. With him on the brief were Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, Captain Robert D. Newberry, JAGC, and Captain Stephen P. Henderson, JAGC.

Before DE FIORI, CARNE and JONES, Appellate Military Judges.

OPINION OF THE COURT

CARNE, Senior Judge:

The appellant was convicted pursuant to his pleas, of absence without leave and wrongful appropriation in violation of Articles 86 and 121, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 886 and 921, respectively. He was sentenced to a bad-conduct discharge, confinement at hard labor for six months, and reduction to the grade of Private E-1. The convening authority approved the sentence.

On 26 April 1978, the appellant rented a camping trailer from the post recreation services at Fort Hood for a five-day period by means of a written contract. He left his unit without an official leave and drove with his wife to Canada where he intended to establish her domicile and then return to Fort Hood. While in Canada they lived in the trailer. He was apprehended by the Canadian authorities and returned to Army control approximately 91 days after departing Fort Hood.

The appellant contends that his plea of guilty to wrongful appropriation is improvident in that the charged criminal conduct was based on the construction of a civil contract and the military judge failed to establish on the record a factual basis for the plea. We agree that the judge's inquiry under the facts of this case was inadequate, particularly since he was on notice that a written agreement was involved. In our opinion the military judge had a duty to inquire into the provisions of the rental contract in order to satisfy himself that no defense existed under the terms of the contract and that a breach of the contract amounted to criminal conduct.[1] This is par-

1. *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969), wherein it was held that

although a guilty plea is an admission of all the elements of a formal criminal charge, it cannot

ticularly germane in rental contracts because as a matter of course many term rental contracts provide for automatic extensions with the same or modified conditions.[2] The contract in this case provided, *inter alia,* in addition to the rental fees, for the assessment of late charges for each day the items were retained past the due date.[3]

In this case the military judge failed to insure on the record that the appellant was certain in his own mind that he had no legal or contractual authority to keep the trailer beyond the specified period of the lease. The record merely reflects that the appellant's wife (in the appellant's presence) signed for the trailer on 26 April, that he was supposed to return it within five days, and that at the time he rented the vehicle he intended to keep it longer than five days. There was no showing on the record that the appellant knew that by keeping the trailer beyond the five-day period he was wrongfully withholding the property from the rightful owner. Accordingly, under the rule enunciated in *Care*[4] the plea was rendered improvident.

For the reasons heretofore set forth in this opinion, the findings of guilty of Charge II and its specification are set aside. The findings of guilty of Charge I and its specification are affirmed. The sentence is incorrect in law and is set aside subject to the qualification hereafter stated. A rehearing may be ordered on the specification and charge that has been set aside and the sentence. If it is determined that a rehearing on Charge II and its specification is impracticable, that charge should be dis-

missed by the convening authority. If a rehearing is deemed impracticable as to the charge that has been set aside, the convening authority, in his discretion, may direct a rehearing on sentence only based on the affirmed findings of guilty or reassess the sentence (set aside subject to this qualification) without rehearing.

Chief Judge DE FIORI and Senior Judge JONES concur.

**UNITED STATES, Appellee,**

---

be said to be voluntary unless the defendant possesses an understanding of the law in relation to the facts. *See also United States v. Cordova,* 4 M.J. 604, 606 (A.C.M.R.1977).

**2.** *United States v. McLaughlin,* 278 F.Supp. 320 (D.D.C.1967), where the Court held that use in excess of consent given in the contract could not be equated with use without consent of the owner. *See also Guaranty National Insurance Co. v. Mihalovich,* 72 Wash.2d 704, 435 P.2d 648 (1967), holding that mere retention beyond the period specified by contract is not presumed to be without the consent of the owner.

**3.** These provisions were invoked against the appellant in a claim for $3,023.59 plus addition-

al costs for repairs of $1,394.46 (estimated). App.Ex. A.

**4.** In *United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247, at 253 (1969), the United States Court of Military Appeals held that the record of trial must reflect not only that the elements of each offense charged have been explained to the accused but also that the military trial judge has questioned the accused about what he did or did not do, and what he intended, in order to make clear the basis for a determination by the military trial judge whether the acts or omissions of the accused constitute the offense or offenses to which he is pleading.