**UNITED STATES, Appellee,**

v.

**Private First Class Robby A. SMITH, 199–56–4834, United States Army, Appellant.**

**ACMR 9101552.**

U.S. Army Court of Military Review.

21 June 1993.

For Appellant: Captain Paul H. Turney, JAGC (argued), Captain Robin N. Swope, JAGC (on brief).

For Appellee: Captain Glenn L. Kirschner, JAGC (argued), Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC, Major Timothy W. Lucas, JAGC (on brief).

Before CREAN, GONZALES and DELLÓRTO, Appellate Military Judges.

*v. Callinan,* 32 M.J. 701, 703–04 (A.F.C.M.R.1991); *Bolado, id.,* 34 M.J. at 739 note 6.

## OPINION OF THE COURT

DELLÓRTO, Judge:

Contrary to his pleas, the appellant was found guilty by a general court-martial consisting of officer and enlisted members of desertion and assault with intent to commit rape, in violation of Articles 85 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 885 and 934 (1988) [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for four years, forfeiture of all pay and allowances, and reduction to Private E1.

The appellant attacks the jurisdiction of his court-martial on three bases: the military judge's designation in violation of the Appointments Clause of the United States Constitution; the military judge's lack of a fixed term of office denied him the degree of independence necessary to satisfy the Due Process Clause of the Fifth Amendment to the United States Constitution; and the convening authority's improper selection of the enlisted members of the court-martial. He assigns seven other errors.

We disagree with the first two of the appellant's jurisdictional challenges, but agree with his third allegation of jurisdictional error. Given our disposition of the case on that basis, we will not address the remaining assertions of error.

The appellant's jurisdictional challenge based on a violation of the Appointments Clause of the United States Constitution lacks merit. *United States v. Weiss*, 36 M.J. 224 (C.M.A.1992), *cert. granted*, —— U.S. ——, 113 S.Ct. 2412, 124 L.Ed.2d 635 (1993). Similarly, his jurisdictional challenge based on the lack of a fixed term of office of the military judge lacks merit. *United States v. Graf*, 34 M.J. 169 (C.M.A. 1991).

■ We next turn to the appellant's jurisdictional challenge grounded upon the convening authority's improper selection of the enlisted members of the court-martial. The appellant's trial defense counsel first raised this issue in a motion that requested no specific relief at an Article 39(a), UCMJ session on 10 July 1991. Neither the trial counsel nor the trial defense team presented any testimony on the motion. Instead, both sides relied on documents included within Appellate Exhibits VI, VII, and VIII (the court-martial member selection memorandum from the staff judge advocate (SJA) to the convening authority and the panel selection sheet used by the convening authority), and arguments before the military judge which more accurately may be characterized as offers of proof. Those arguments are not evidence. *United States v. Thompson*, 11 U.S.C.M.A. 252, 29 C.M.R. 68 (1960); *United States v. Kilbourne*, 31 M.J. 731, 733 (A.F.C.M.R.1990). Piecing the documentary evidence together yields the facts we find below.

The charge of rape was originally referred to a general court-martial convened by Court–Martial Convening Order (CMCO) Number 2, Headquarters, 24th Infantry Division (Mechanized), dated 25 September 1990.[1] On 15 April 1991, the convening authority selected officer members to sit on a standing general court-martial panel, as reflected by CMCO Number 1, Headquarters, 24th Infantry Division (Mechanized) and Fort Stewart, dated 15 April 1991 (Appellate Exhibit VIII). The key document in this factual recitation is an untitled, undated, typed listing of officer and enlisted members and alternates, with entries in the margins handwritten by the convening authority (the typewritten names on the document have no apparent relevance to this case) (Appendix). The trial defense counsel referred to this document as he began his argument on the motion and later identified it as being marked as Appellate Exhibit

---

1. The rape charge was referred and the appellant arraigned on this charge while he and the command were deployed in Southwest Asia in support of Operation Desert Shield/Storm. Subsequent to the command's and the appellant's return to the United States and the appellant's ensuing unauthorized absence, the deser-

tion charge was referred to the general court-martial convened by CMCO Number 2, with direction that it be tried in conjunction with the original charge and specification (rape). The appellant consented to trial of both charges at the same court-martial. Rule for Courts–Martial 601(e)(2) [hereinafter R.C.M.].

VI.[2]  On the left and right sides of the document appear handwritten names of officers. Those names (except for the apparent alternates identified with the prefix "(A)") are the names that constitute the general court-martial convened by CMCO Number 1, 15 April 1991. Also appearing as handwritten additions to the document is the word "Enlisted" followed by a directive interpreted by the trial defense counsel to say, "get an E8 from 1st Brigade, get an E8 from 2nd Brigade, get an E7 from DIS-COM (Division Support Command), get an E8 from Divarty (Division Artillery), and get an E7 from Victory Brigade." There was no dispute at trial that the handwritten entries were made by Major General McCaffrey, the convening authority.

On 11 May 1991, the SJA provided the convening authority with an undated memorandum, SUBJECT: Summary Sheet—Court–Martial Panel Selection (Enlisted), that referenced the convening authority's 15 April 1991 selection of officer members, advised him of the criteria he used to select those members, and recommended that, using the same criteria, he select enlisted members for those courts-martial in which enlisted members were requested (Appellate Exhibit VI). Appended to this memorandum were two pages of names and related data pertaining to senior noncommissioned officers, all listed according to brigade-sized unit. The memorandum referred to these names as the nominees submitted by the Major Subordinate Commands. The ranks of these nominees by unit corresponded exactly to the convening authority's handwritten directive.[3]

On 26 June 1991, the SJA provided a memorandum to the convening authority, SUBJECT: Replacement of Panel Members, *U.S. v. Smith*, in which he recommended that five officer members detailed in CMCO Number 2, 25 September 1990 be excused and replaced with five officer members selected from those previously selected and detailed in CMCO Number 1, 15 April 1991. The SJA also recommended that the convening authority provisionally detail those enlisted members selected on 11 May 1991 as enlisted members for the appellant's court-martial in the event he requested enlisted membership (AE VII). Although the convening authority signed the election form that accompanied this recommendation, the form contains no selection between the two options presented to him. Subsequent activity, specifically in the form of CMCO Numbers 3 and 4, dated 1 and 9 July 1991, respectively, reflect court-martial membership consistent with the SJA's 26 June advice, and presumably with the convening authority's decision as found by the military judge. We find no evidence that the convening authority knew of these potential court members since there was no evidence that he was provided with DA Forms 2A or 2–1 pertaining to these soldiers or any other documents that outlined their background and military service.

The appellant's argument, now as it was at trial, is that the convening authority's handwritten directive regarding the ranks of potential enlisted members, as brought to fruition through the subsequent nomination, selection, and detailing process, constituted an impermissible selection based solely on rank, and indeed, only those ranks corresponding to the pay grades of E7 and E8, with deliberate exclusion of all inferior ranks (and, although not contended by the appellant, the highest pay grade of E9). The military judge disagreed with the trial

---

**2.** The document itself is not marked as Appellate Exhibit VI. Indeed, it is not marked at all and appears to be included in a series of documents collectively identified as Appellate Exhibit VI.

**3.** In paragraph 3b of the memorandum the SJA advised the convening authority to select enlisted members using the same criteria the convening authority used in selecting the officer members, presumably the Article 25(d)(2) criteria cited in paragraph 3a. The SJA also advised the convening authority that he was not bound by the list of enlisted nominees, but could select anyone from the command who met the criteria. While this advice, standing alone, is correct, we find that it was vitiated by the SJA's acquiescence to the convening authority's earlier directive to restrict the nominees to those in the grades of E7 and E8. That acquiescence is evidenced by the grades and units of the enlisted nominees submitted with the memorandum.

defense counsel's argument and denied the trial defense counsel's motion.[4]

■ We find that the convening authority directed the SJA to furnish him a list of potential court members based solely on grade as a criterion. We also find that the SJA complied with this directive and that the convening authority selected the enlisted members based solely on grade. Accordingly, we hold that the military judge erred by denying the defense motion.

"When convening a court-martial, the convening authority shall detail as members thereof such members of the armed forces as, in his opinion, are best qualified for the duty by reason of age, education, training, experience, length of service, and judicial temperament." UCMJ art. 25(d)(2). A convening authority has significant discretion in utilizing the Article 25(d)(2) criteria in selecting court members. *United States v. Crawford*, 15 U.S.C.M.A. 31, 35 C.M.R. 3 (1964). That discretion, however, is not unfettered, particularly when the convening authority reaches beyond the statutory criteria in making his selection.

■ A soldier's rank as an apparent basis for court member selection has always invited scrutiny. A court-martial panel comprised of three colonels and six lieutenant colonels was improperly selected when it resulted from a process that summarily rejected consideration of officers below the rank of lieutenant colonel. *United States v. Greene*, 20 U.S.C.M.A. 232, 43 C.M.R. 72 (1970). Similarly, a convening authority's fixed policy of excluding lieutenants and warrant officers from courts-martial has been held to be infirm. *United States v. Daigle*, 1 M.J. 139 (C.M.A.1975). A selection process weighted against the selection of junior officers and enlisted soldiers because of their tendency to vote for light sentences will not withstand scrutiny. *United States v. McClain*, 22 M.J. 124 (C.M.A.1986).

Nevertheless, as the Court of Military Appeals has recognized, "Undoubtedly there is a close correlation between [Article 25(d)(2)] criteria and the grade of a commissioned or noncommissioned officer." *United States v. Nixon*, 33 M.J. 433, 434 (C.M.A.1991). As a practical matter, the disqualification of enlisted soldiers in grades E1 through E3 "is an embodiment of the application of the statutory criteria." *United States v. Yager*, 7 M.J. 171 (C.M.A. 1979) (quoting *United States v. Yager*, 2 M.J. 484, 486–87 (A.C.M.R.1975)). But the recognition of the reality that seniority in rank will generally yield a favorable profile among the Article 25(d)(2) criteria does not justify the grade-based shortcut that the convening authority here took, the very shortcut that Judge Everett has warned of. *Nixon*, 33 M.J. at 434. The result was an impermissible exclusion by the convening authority of potential court members in the grades of E6 and below.

The Court of Military Appeals has expressed its concern with the appearance that the court members have been hand-picked by the Government in addressing court member selection issues. *Id.* Such appearances can be shown to lack basis when the Government presents the articulate testimony of the convening authority—as occurred in *Nixon*—or other credible evidence to demonstrate by at least a preponderance of the evidence that the selec-

---

4. As indicated, *supra,* the trial defense counsel never specified the relief he was seeking on this issue. Similarly, the military judge never expressly denied the motion, although his ruling left no doubt that such was the case:

> MJ: In regard to the first motion where he [convening authority] directed the court of that nature to be established without any particular case in mind, I can't find fault with that. He directed the command to provide so many people by a certain rank, it's an unfortunate use of language, but I don't see anything wrong with it, because again, it will correspond with age and experience as being

the proper factors. And he didn't tailor a court for this case with those grades, he just put together a court.
> . . . .
> ADC: Even though that panel was selected as a standing panel, all of the members that he did select were eventually detailed to this court. Though he may not have had this court in mind at that time, when the court-martial convening order was signed, he was relying on his prior selection.
> MJ: Right, as I said I don't see anything improper with it. Any other motions at this time?

tion process was untainted. Such was not the case here. The uncontroverted evidence of record is that the convening authority initiated a top-down enlisted member selection process that began and ended with one criterion, grade, to the exclusion of those criteria he was statutorily required to consider.

The issue of jurisdiction having been resolved in the appellant's favor, we must next decide what offenses the appellant may be held to account for at a rehearing. We hold that a rehearing may be ordered as to both the original Charge and its Specification, rape, and the Additional Charge and its Specification, desertion. As the enlisted court members were improperly selected, a requisite of jurisdiction was lacking from the outset. R.C.M. 201(b)(2). Accordingly, the appellant has not yet been tried for either offense. R.C.M. 907(b)(2)(C)(iv). "An acquittal before a court having no jurisdiction is, of course, like all the proceedings in the case, absolutely void, and therefore no bar to subsequent indictment and trial in a court which has jurisdiction of the offence." *Ball v. United States*, 163 U.S. 662, 669, 16 S.Ct. 1192, 1194, 41 L.Ed. 300 (1896). *Accord Grafton v. United States*, 206 U.S. 333, 345, 27 S.Ct. 749, 751, 51 L.Ed. 1084 (1907) ("We assume as indisputable, on principle and authority, that before a person can be said to have been put in jeopardy of life or limb the court in which he was acquitted or convicted must have had jurisdiction to try him for the offense charged"). *United States v. Culver*, 22 U.S.C.M.A. 141, 46 C.M.R. 141 (1973), does not contravene this view. Unlike in *Culver*, the proceedings here were *void ab initio*, and the current Manual for Courts–Martial—as opposed to its predecessor—specifically rejects the defense of former jeopardy where the original court-martial was jurisdictionally defective. R.C.M. 907(b)(2)(C)(iv).

The maximum punishment, however, will be limited to that adjudged at the original court-martial. R.C.M. 810(d)(1).

The findings of guilty and the sentence are set aside. An other trial may be ordered by the same or a different convening authority.

Senior Judge CREAN and Judge GONZALES concur.

## APPENDIX

**OFFICER MEMBERS**

COL Ronnell O. Burgamy
LTC Lawrence R. Sweat
LTC Robert E. Maggio
LTC Richard M. Torrance
LTC Robert F. Lommel
MAJ Howard M. Williams
MAJ Frank M. Kreis
CW3 Martin J. Neises

**OFFICER ALTERNATES**

COL Joseph B. Freeman
LTC Hubbard L. Riley
MAJ Orlando J. Illi

**ENLISTED MEMBERS**

MSG Dorothy J. DeWitt
MSG Carolyn J. Burke
SFC William H. Forbes

**ENLISTED ALTERNATES**

SFC Benson F. Styles
MSG Edward A. Shelton

*[handwritten annotations throughout the page:]*

MAJOR Lehman

M. Schwab

(SGP) Walt Holton

Col. Lethoyne

(A) Col. Tom Townsend

LTC Mike Stevenson

LTC Tom Leary

(A) LTC John Floyd

LTC Tom Brown

LTC John Stroan

(A) LTC ___

MSG(P) Ted Davis

Enlisted Get E8

Get E8   1st BDe

Get E8   2nd Bde Aviation Bde.

Get E7   DISCOM

AH. Get E8 Divarty

Get E7 FSGA