UNITED STATES, Appellee,

v.

Norman G. NIXON, Specialist,
U.S. Army, Appellant.

No. 65,469.
CM 8800626.

U.S. Court of Military Appeals.

Argued May 8, 1991.

Decided Sept. 30, 1991.

For Appellant: *Captain Michael J. Berrigan* (argued); *Colonel Robert B. Kirby, Lieutenant Colonel Russell S. Estey, Major Michael J. Kelleher* (on brief); *Captain W. Renn Gade.*

For Appellee: *Captain Donald W. Hitzeman* (argued); *Colonel Alfred F. Arquilla, Lieutenant Colonel Daniel J. Dell'Orto, Captain Denise J. Arn* (on brief).

*Opinion of the Court*

EVERETT, Senior Judge:

I

On March 22–23, 1988, Specialist Norman G. Nixon was tried at Fort Bliss, Texas, by a general court-martial composed of a military judge alone. Contrary to his pleas, he was convicted of committing an indecent act with a child under the age of 16, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. The military judge sentenced him to a bad-conduct discharge, 2 years' confinement, total forfeitures, and reduction to Private E–1. The convening authority approved the sentence.

██ Before the Court of Military Review, Nixon complained that, because the court-martial members had been improperly selected, he had been deprived of the right of trial by court members which the Uniform Code had granted him.* Initially, on March 23, 1990, a divided panel of the Court of Military Review set aside the findings of guilty and the sentence, because "the convening authority did improperly exclude enlisted personnel in grades below master or first sergeant (E–8) from sitting on appellant's case." Unpub. op. at 1. On May 11, 1990, the panel reconsidered and vacated this opinion. However, the panel majority ruled again "that the convening

---

* Under such circumstances an accused's choice of trial by military judge does not waive the error. *United States v. McClain,* 22 MJ 124 (CMA 1986).

authority did impermissibly select enlisted members for this court based on grade," unpub. op. on recon. at 1, and once again it set aside the findings and sentence.

The Government then petitioned the court below for reconsideration *en banc.* The court granted the request and vacated the May 11th decision. Thereafter, the Court of Military Review, sitting *en banc,* affirmed the findings and sentence (10–2) in an opinion authored by the judge who had dissented from the panel decisions, the majority explained that,

> [i]f Article 25(d)(2) ... means what it says, the military judge correctly denied the defense's motion to dismiss for lack of jurisdiction due to improper selection of enlisted members to the court. The appellant has not shown any illegal or improper motive in the nomination, selection, or detail of enlisted court members. Any question about the convening authority's motive for selecting the members in this case was dispelled by the convening authority's testimony. We find no sinister motive and no intent to exclude any group or class on irrelevant, irrational, or prohibited grounds. Although he selected senior noncommissioned officers for the panel, we find that he did not categorically exclude the lower grades from consideration.

30 MJ 1210, 1212–13 (1990).

However, Judge Gilley, the author of the panel opinions, filed a dissenting opinion in which Judge Smith concurred. He concluded that the convening authority had improperly selected enlisted members for appellant's court-martial. Therefore, he would have set aside the approved findings of guilty and the sentence, as the Court of Military Review panel initially had done.

We granted review to consider this question:

> WHETHER THE MILITARY JUDGE ERRED WHEN HE REFUSED TO DISMISS FOR LACK OF JURISDICTION OR ORDER THE APPOINTMENT OF NEW ENLISTED PANEL MEMBERS WHEN IT WAS ESTABLISHED THAT THE CONVENING AUTHORITY SE-LECTED ENLISTED MEMBERS BASED ON RANK.

## II

Both the majority and dissenting opinions of the Court of Military Review are well-reasoned. As the majority points out, Congress relied on the convening authority to select the court members pursuant to the composite criteria of "age, education, training, experience, length of service, and judicial temperament." *See* Art. 25(d)(2), UCMJ, 10 USC § 825(d)(2).

■ Undoubtedly there is a close correlation between these criteria and the grade of a commissioned or noncommissioned officer. Indeed, because of that correlation, there is a danger that, in selecting court members, a convening authority may adopt the shortcut of simply choosing by grade. In that event, the resulting blanket exclusion of qualified officers or enlisted members in the lower grades is at odds with congressional intent and cannot be sustained. *Cf. United States v. Daigle,* 1 MJ 139 (CMA 1975).

■ In this case, the commanding general selected an enlisted panel that consisted only of the two most senior of nine enlisted grades. For the highest enlisted grade (E–9), he selected three command sergeants major and one sergeant major; and for the next lower enlisted grade (E–8), two master sergeants were named to the panel. No nominees were selected from lower grades. We doubt that a court-martial whose membership is skewed in this manner was what Congress had in mind in setting forth the criteria for selection of members.

In *United States v. Greene,* 20 USCMA 232, 238, 43 CMR 72, 78 (1970), which we cited with approval in *United States v. McClain,* 22 MJ 124 (CMA 1986), the convening authority had appointed a court panel consisting of three colonels and six lieutenant colonels. We remarked that this gave the appearance that the members had been "handpicked" by the Government. 20 USCMA at 237, 43 CMR at 77. As Judge Gilley points out, "The enlisted members

selected for this court panel are relatively more senior than the officer panel in *Greene.* While the analogy is not symmetrical, it fits. Creating that appearance, as the [C]ourt found in *Greene,* is impermissible." 30 MJ at 1215.

Like Judge Gilley, we are concerned with these "appearances." However, in light of the explicit testimony of the commanding general as to his compliance with the statutory criteria and the determination by a majority of the court below sitting *en banc* that he did comply, we are persuaded that the conviction should be affirmed. We emphasize again, however, that military grade by itself is not a permissible criterion for selection of court-martial members. Moreover, a convening authority and his staff judge advocate must make sure that they neither consciously nor subconsciously use military grade as a test for court membership (with the sole exception of assuring that court members outrank the accused, *see* Art. 25(d)(1)).

### III

The *en banc* decision of the United States Army Court of Military Review is affirmed.

Chief Judge SULLIVAN and Judge COX concur.