EFFRON, Judge
(dissenting):
As the Supreme Court has noted, “trial by jury in criminal cases is fundamental to the American scheme of justice.” Duncan v. Louisiana, 391 U.S. 145, 149, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968). See also Taylor v. Louisiana, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975) (requiring jury selection from a random cross-section of the community); Baldwin v. New York, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970) (requiring trial by jury in all criminal cases when the sentence may include confinement in excess of 6 months).
Congress has determined that the disciplinary needs of the armed forces require use of a different procedure in courts-martial. Under the Uniform Code of Military Justice [hereinafter UCMJ], there is no right to trial by jury. The convening authority—the commander who exercises prosecutorial discretion—selects the court-martial panel. See Article 25, UCMJ, 10 U.S.C. § 825 (2000); Rules for Court-Martial 407, 503; United States v. Smith, 27 M.J. 242 (C.M.A.1988).
Congress, however, did not provide the convening authority with unfettered discretion in selecting the panel that would decide the fate of an accused service member. As the majority opinion notes, a service member has the right to a panel that is fair and impartial. 60 M.J. at 169-70 (citing United States v. Roland, 50 M.J. 66 (C.A.A.F.1999)). The convening authority must personally select the members of the panel according to specific statutory criteria, a function that may not be delegated. 60 M.J. at 170 (citing United States v. Ryan, 5 M.J. 97 (C.M.A.1978); Article 25(d)(2), UCMJ). To the extent that a convening authority relies on staff assistance in selecting a court-martial panel, the staff cannot narrow the pool through criteria that are not within the qualifications established by Article 25. See 60 M.J. at 173-74.
In the present case, the assistant staff judge advocate narrowed the pool to 22 potential officer members without applying the qualifications of Article 25. The sole criterion was self-qualification by volunteers. The lead opinion agrees that this process was impermissible, but concludes that the error was not prejudicial.
In testing for prejudice, the lead opinion appropriately focuses on whether the use of volunteers thwarted the congressional requirement for selection of the “best qualified” members under Article 25(d)(2). There were three critical errors in this case. First, the staff did not apply the criteria in Article 25 in establishing a potential pool of members. Second, the assistant staff judge advocate did not advise the convening authority *177 that the staff had deviated from the standard use of Article 25 criteria, but instead had relied on volunteers. Third, the assistant staff judge advocate advised the convening authority to use four criteria when selecting the panel, advice that omitted two of the statutory criteria in Article 25—experience and education.
The lead opinion concludes that these errors were not prejudicial because the panel was selected by an experienced convening authority who personally reviewed the questionnaires of the potential members that had been selected by his staff, which included information pertinent to the experience and education of the potential panel members. I respectfully disagree.
To the extent that this convening authority had experience in the selection of panel members, it would have been reasonable for him to rely on his staff to apply the criteria set forth in Article 25 in narrowing the pool. They did not. Moreover, it would have been reasonable for him to rely on the assistant staff judge advocate to advise him correctly on the criteria he was required to apply in selecting the panel. That advice, however, was defective because it omitted one-third of the statutory criteria. Although the convening authority may have used benign criteria in shaping the panel, he did so applying defective standards to a pool that had been impermissibly narrowed by his staff.
In short, we have a flawed process that produced multiple felony convictions. We have a criminal record that not only was imposed without a trial by jury, but through a process that failed to apply the procedures established by Congress in lieu of trial by jury. These errors were compounded by the fact that the staff failed to inform the convening authority that they had used a deviant procedure to narrow the pool, and by the staffs erroneous advice regarding the criteria that the convening authority was required to apply under Article 25. Under these circumstances, I respectfully dissent.