# UNITED STATES NAVY-MARINE CORPS COURT OF CRIMINAL APPEALS WASHINGTON, D.C.

Before
K.J. BRUBAKER, K.M. MCDONALD, M.C. HOLIFIELD
Appellate Military Judges

UNITED STATES OF AMERICA

v.

LAMONT E. HOYES
CULINARY SPECIALIST FIRST CLASS (E-6), U.S. NAVY

NMCCA 201300303
GENERAL COURT-MARTIAL

**Sentence Adjudged:** 25 January 2013.
**Military Judge:** CDR Colleen Glaser-Allen, JAGC, USN.
**Convening Authority:** Commander, Naval Air Force Atlantic, Norfolk, VA.
**Force Judge Advocate's Recommendation:** CAPT T.J. Welsh, JAGC, USN.
**For Appellant:** LT Jennifer L. Myers, JAGC, USN.
**For Appellee:** LCDR Keith B. Lofland, JAGC, USN; Capt Matthew M. Harris, USMC.

**4 June 2015**

---

## OPINION OF THE COURT

---

THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.

PER CURIAM:

A panel of officer and enlisted members sitting as a general court-martial convicted the appellant, contrary to his pleas, of conspiracy to commit aggravated sexual assault, violation of a lawful general order (fraternization), making false official statements, aggravated sexual assault, and abusive sexual contact in violation of Articles 81, 92, 107 and 120, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 892,

Judge McDonald participated in the decision of this case prior to detaching from the court

907, and 920.[1]  The members sentenced the appellant to confinement for 42 months and a dishonorable discharge.

Prior to authentication of the record, the defense filed a motion with the military judge seeking a new trial pursuant to RULE FOR COURTS-MARTIAL 1210, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.), alleging newly discovered evidence and fraud on the court-martial.  The military judge granted the defense motion and ordered a new trial.  On 31 December 2013, we granted an appeal by the Government pursuant to Article 62, UCMJ, holding that the military judge abused her discretion in finding witness statements to be newly discovered evidence or, in the alternative, fraud on the court-martial.[2]  The court vacated the ruling of the military judge and returned the record of trial to the Judge Advocate General for further proceedings not inconsistent with that opinion.  The convening authority (CA) approved the sentence as adjudged, and, except for the dishonorable discharge, ordered it executed.  Now that post-trial processing is complete, we review the case under Article 66, UCMJ.

The appellant raises four assignments of error (AOEs):  (1) that a cumulative effect of evidentiary errors allowed the Government's primary witness to mislead the members; (2) that the appellant received ineffective assistance of counsel; (3) that the charges were unreasonably multiplied; and, (4) that the CA's instruction restricting eligibility for court-martial membership frustrated the appellant's right to a properly convened court-martial.

We find merit in the appellant's fourth AOE, rendering the others moot.  We will take appropriate action in the decretal paragraph.

---

[1] As the offense allegedly occurred on 26 July 2011, the version of Article 120, UCMJ, in effect from 1 Oct 2007 through 27 June 2012 applies.

[2] *United States v. Hoyes*, No. 201300303, 2013 CCA LEXIS 1075 (N.M.Ct.Crim.App. 31 Dec 2013), *rev. denied*, __ M.J. __, No. 14-6004/NA, 2014 CAAF LEXIS 302 (C.A.A.F. Mar. 25, 2014).

## Background[3]

In July 2008, Commander, Naval Air Force Atlantic (COMNAVAIRLANT) issued an instruction[4] to subordinate commands establishing the procedure for nominations of prospective court-martial members. That instruction directed each subordinate command to provide a certain number of nominees in the grades of O-5, O-4, "LT [Lieutenant] or Below" and "Enlisted (E7/E8/E9)."[5] The instruction did not call for nominees below E-7, regardless of how junior a particular appellant may be, and did not call for anyone O-6 or above.[6]

The appellant avers that members below the pay grade of E-7, above the pay grade O-5, and all warrant and chief warrant officers were impermissibly and systematically excluded from the nomination process by the CA.

## Members Selection

We review claims of error in the selection of court-martial members *de novo. United States v. Kirkland,* 53 M.J. 22, 24 (C.A.A.F. 2000). We look at three primary factors to determine whether an impermissible member selection has taken place:

1. Improper motive in packing a member pool;

2. Systematic exclusion of potential members based on rank or other impermissible variable; and,

3. Good faith attempts to be inclusive and open the court-martial process to the entirety of the military community.

*United States v. Dowty*, 60 M.J. 163, 171 (C.A.A.F. 2004). If either of the first two criteria is present, the process is

---

[3] This court described the facts surrounding the charged offenses in great detail in its 31 December 2013 opinion. *Id*. at *2-5. As our holding today is based solely upon the member selection process, we do not repeat this earlier recitation of facts.

[4] COMNAVAIRLANT Instruction 5813.1H, 29 Jul 2008. (Supp. Clemency Request of 15 May 2004, encl. (1).)

[5] *Id.* at 2.

[6] It is unclear, as the Government concedes, whether the "LT or Below" language intended only O-1 to O-3 nominees or permitted nomination of warrant and chief warrant officers. Appellee's Brief of 20 Apr 2015 at 57.

impermissible. *Id.* These criteria are not only considered in the actual panel selection process, but also in the process of presenting nominations to the CA. *United States v. Roland*, 50 M.J. 66, 69 (C.A.A.F. 1999).

In a case of systematic exclusion of members by rank, it is the responsibility of the defense to establish the improper exclusion. *Kirkland*, 53 M.J. at 24. Once improper exclusion has been shown, the burden shifts to the Government "to demonstrate that the error did not 'materially prejudice the substantial rights of the accused.'" *Dowty*, 60 M.J. at 173 (quoting Art. 59(a), UCMJ).

The Government urges us to find waiver in the appellant's failure to raise this issue before trial. *See* R.C.M. 912(b)(3). While such an objection "ordinarily . . . must be made before trial," *Dowty*, 60 M.J. at 174 (citation and interal quotation marks omitted), we may "pass[] over the procedural deficiency to reach the substance of the issue." *Id.* The seriousness of the alleged error and the absence of any evidence that the appellant was aware of the COMNAVAIRLANT instruction prior to trial compel us to address the appellant's claim.

We find the appellant has established that the instruction improperly excluded potential members from the selection process on the basis of rank. Thus we turn to the Government to determine if it has met its burden to show lack of harm—and find it has not. The Government has provided no evidence upon which this court can conclude the CA properly considered the Article 25, UCMJ, factors in selecting the members for the court-martial, or that he knew he was free to select members not on the list provided by his staff judge advocate (SJA). *See United States v. Gooch*, 69 M.J. 353, 361 (C.A.A.F. 2011) (similar error found to have created no material prejudice where the record reflects that the SJA properly advised the CA that he could select members from the SJA-provided nomination list or select others as he deemed appropriate, and the CA personally selected the members); *United States v. Roland*, 50 M.J. 66, 69 (C.A.A.F. 1999) (no prejudice from improper, rank-based nomination process where "[t]he record establishes how the members were selected, and there is no indication of impropriety"); *United States v. Nixon*, 33 M.J. 433, 435 (C.M.A. 1991) (exclusion based on rank overcome by "explicit testimony of the [CA] as to his compliance with the statutory criteria").

The Government, presumably, could have presented testimony or affidavits from the CA or the Force Judge Advocate (FJA) to

4

demonstrate how the member selection process actually occurred.[7] Instead, the Government merely argues that the instruction indicates that any nominations are "[i]n addition to COMNAVAIRLANT staff members who regularly sit on courts-martial."[8] However, absent some evidence that the error in the nomination process was actually remedied by the consideration of potential members on the CA's staff, this argument is wanting. We therefore find the Government has failed to meet its burden of showing the improper exclusion of potential members did not materially prejudice the appellant.

## Conclusion

The findings of guilty and the sentence are set aside. The record of trial is returned to the Judge Advocate General of the Navy for remand to an appropriate CA with a rehearing authorized.

For the Court

R.H. TROIDL
Clerk of Court

---

[7] The Government has now had two opportunities to provide such evidence. Trial defense counsel raised this issue in the 15 May 14 Supplemental Clemency Request. It was not addressed during post-trial processing, however, as the FJA failed to acknowledge the allegation of legal error. *See* R.C.M. 1106(d)(4).

[8] Appellee's Brief at 56.