# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**J.A. FISCHER, B.T. PALMER, T.H. CAMPBELL**
Appellate Military Judges

**UNITED STATES OF AMERICA**

v.

**ALEXANDER P. SANCHEZ**
**SEAMAN (E-3), U.S. NAVY**

**NMCCA 201400302**
**GENERAL COURT-MARTIAL**

**Sentence Adjudged:** 4 April 2014.
**Military Judge:** CDR Michael J. Luken, JAGC, USN.
**Convening Authority:** Commander, Navy Region Mid-Atlantic, Norfolk, VA.
**Staff Judge Advocate's Recommendation:** CDR S.J. Gawronski, JAGC, USN.
**For Appellant:** LT David Warning, JAGC, USN.
**For Appellee:** Maj Tracey L. Holtshirley, USMC; Capt Cory Carver, USMC.

**20 October 2015**

---
## OPINION OF THE COURT
---

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A general court-martial composed of officer and enlisted members convicted the appellant, contrary to his pleas, of rape and sexual assault in violation of Article 120, Uniform Code of

Military Justice, 10 U.S.C. § 920.[1]  The members sentenced the appellant to confinement for 2 years, forfeiture of all pay and allowances for 2 years, and a dishonorable discharge.  The convening authority (CA) approved the sentence as adjudged.

The appellant raises three assignments of error (AOE): (1) that members below the rank of E-5 and warrant officers were impermissibly excluded in the nomination process; (2) that the Government failed to respond to a specific defense discovery request for material used by the CA in the nomination and selection of members; and (3) the court-martial order (CMO) incorrectly states the second specification.[2]

After carefully considering the record of trial, the submissions of the parties, and the appellant's AOEs, we conclude that the findings and the sentence are correct in law and fact, and that no error materially prejudicial to the substantial rights of the appellant was committed.  Arts. 59(a) and 66(c), UCMJ.

## Background

The offenses in this case stem from the appellant's interaction with Ms. SE who he met for the first time one evening in November 2012.  Ms. SE testified that she, the appellant, and a mutual friend went out that night and drank and danced.  At the end of the night Ms. SE drove the three of them to the base where the appellant was stationed.  When they reached the appellant's barracks, Ms. SE went with the appellant to his barracks room in order to use the restroom while their friend waited outside.  Ms. SE testified that after using the restroom, she attempted to leave when the appellant assaulted and then raped her.

## Discussion

### Panel Member Selection

The appellant first asserts that the CA impermissibly and systematically excluded members below the pay grade E-5 and all

---

[1] The military judge found the rape and sexual assault convictions to be an unreasonable multiplication of charges and therefore he conditionally dismissed the sexual assault specification (Specification 2 of the Charge) to ripen into full dismissal upon final appellate review.  Record at 632.

[2] We find merit in this AOE and order corrective action in our decretal paragraph.

2

warrant and chief warrant officers from the nomination process. In February 2014, Commander, Naval Region Mid-Atlantic issued an instruction[3] to commands within his region establishing the procedure for nominations of prospective court-martial members. The instruction directed each command to provide a certain number of nominees in the ranks of E-5 through O-6. While the instruction did not call for nominees below E-5, it stated that commands were "encouraged to nominate members of any pay grade who possess[ed] the qualifications listed in [Article 25, UCMJ] and [the instruction]."[4] The modified court-martial convening order for this case detailed one O-5, one O-4, three O-3's, and five E-7's.

We review the proper selection of a court-martial panel *de novo*. *United States v. Kirkland* 53 M.J. 22, 24 (C.A.A.F. 2000). We look at three primary factors to determine whether an impermissible member selection has taken place: (1) Improper motive in packing a member pool; (2) Systematic exclusion of potential members based on rank or other impermissible variable; and, (3) Good faith attempts to be inclusive and open the court-martial process to the entirety of the military community. *United States v. Dowty*, 60 M.J. 163, 171 (C.A.A.F. 2004). If either of the first two criteria is present, the process is impermissible. *Id.* These criteria are not only considered in the actual panel selection process, but also in the process of presenting nominations to the CA. *United States v. Roland*, 50 M.J. 66, 69 (C.A.A.F. 1999).

In a case of systematic exclusion of members by rank, the defense must establish the improper exclusion. *Kirkland*, 53 M.J. at 24. If improper exclusion is established, it is the Government's burden "to demonstrate that the error did not 'materially prejudice the substantial rights of the accused.'" *Dowty*, 60 M.J. at 173 (quoting Art. 59(a), UCMJ).

Here we need not decide whether the CA systematically excluded members based on rank, because even assuming *arguendo* that he did so, we find no material prejudice to the appellant. In reviewing this case, including the affidavits from the CA and his staff judge advocate, we find: (1) no evidence that the instruction was issued with an improper motive; (2) no evidence that the CA had an improper motive when detailing the members assigned to the appellant's court-martial; (3) the CA was a person authorized to convene a general court-martial; (4) the CA

---

[3] COMNAVREGMIDLANTINST 5813.1B (28 Feb 2014)

[4] *Id*. at ¶ 7c.

was properly advised of his Article 25 responsibilities, and knew that he could pick any member within his Region's claimancy, not just those who had been nominated; (5) the court members were personally chosen by the CA from a pool of eligible candidates; (6) the CA was specifically aware that he could select members in paygrades E-4 and E-3 and had valid reasons for not doing so in this case[5]; and, (7) all court members met the criteria in Article 25, UCMJ.

For the reasons above we also find no unresolved appearance of unfairness remains. *See United States v. Ward*, 74 M.J. 225, 227 (C.A.A.F. 2015); *Kirkland*, 53 M.J. at 25. Under these circumstances, we are convinced that the appellant's case was heard by a fair and impartial panel, and that any error in the member selection process was harmless.

### *Discovery Violation*

Next, the appellant alleges a discovery violation as he was not provided a copy of the court-martial member nomination instruction despite his pretrial request for such matters.

In the course of the discovery process, the appellant requested "[c]opies of all written materials considered by the CA in selecting the members detailed to the court-martial, including all materials pertaining to persons who were not selected as members."[6] Despite the request, the instruction was not provided to the appellant.[7]

Through Article 46, UCMJ, a military accused is granted the "equal opportunity to obtain witnesses and other evidence in accordance with such regulations as the President may prescribe." Also, upon request, an appellant is permitted to

---

[5] "As the regional command, [Navy Region Mid-Atlantic's] member pool is drawn from Fleet Forces Command, Surface Forces Atlantic, Submarine Forces Atlantic, Cyber Command, and local installation commands. It is hard to estimate exactly how may service members fall under this claimancy but it is easily 40,000. Combing the rolls of Sailors in our claimancy to find mature, experienced Sailors in those junior paygrades, who were not previously nominated by their commands, would have been wholly impracticable." Government Motion to Attach filed on 6 Feb 2015, VADM D. R. Smith Affidavit of 16 Jan 2015.

[6] Appellant's Brief of 7 Nov 2014, Appendix 2 at 6.

[7] One of the member's questionnaires referenced the instruction at the top of each page. Appellate Exhibit XX at 22-25. The rest of the questionnaires did not reference the instruction. AE XX.

4

inspect "papers . . . within the possession, custody, or control of military authorities . . . which are material to the preparation of the defense[.]"  RULE FOR COURTS-MARTIAL 701(a)(2)(A), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.).

When determining whether there has been a discovery violation, this court must determine whether the evidence at issue was subject to discovery and, if so, determine what effect the failure to disclose had on the appellant's trial. *United States v. Roberts*, 59 M.J. 323, 325 (C.A.A.F. 2004).  To be eligible for defense discovery a document must be in the Government's possession or control and material to the preparation of the defense.  R.C.M. 701(a)(2)(A).  When there has been a discovery violation, we test that violation for prejudice.  In cases where the appellant either did not make a discovery request or made only a general request for discovery, the Government has the burden of proving that the error was harmless.  But, in those cases where the appellant made a specific request for the undisclosed information, the Government must show that the error was harmless beyond a reasonable doubt. *Roberts*, 59 M.J. at 327.

Although the appellant did not ask for the instruction in question by name, his request was specific enough to trigger the heightened requirement of proof beyond a reasonable doubt.[8]  But, even applying that higher standard, we find against the appellant.  For the same reasons articulated above, we find that despite the discovery violation, the appellant was tried by a fair and impartial panel, and that the discovery error was harmless beyond a reasonable doubt.

## Conclusion

The findings and sentence as approved by the CA are affirmed.  The conditional dismissal of Specification 2 under the Charge shall ripen to a full dismissal when direct review becomes final pursuant to Article 71(c), UCMJ, provided that the rape conviction is not set aside during any subsequent appellate review. *See United States v. Britton,* 47 M.J. 195, 204 (C.A.A.F. 1997) (Effron, J., concurring), *overruled in part on other grounds by United States v. Miller*, 67 M.J. 385, 389

---

[8] Whether the discovery request was specific or general "depends upon whether the discovery request pointed with any particularity to the evidence desired." *United States v. Simmons*, 38 M.J. 376, 385 (C.M.A. 1993) (Crawford, J., dissenting); *see United States v. Agurs*, 427 U.S. 97, 106 (1976); *see also United States v. Eshalomi*, 23 M.J. 12, 22 (C.M.A. 1986).

(C.A.A.F. 2009).  The supplemental CMO will note that as to Specification 2 of Charge I, the offense was committed by "causing bodily harm."[9]

For the Court


R.H. TROIDL
Clerk of Court

---

[9] *United States v. Crumpley*, 49 M.J. 538, 539 (N.M.Ct.Crim.App. 1998).